Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

'07 APR -5 P3:02

**U.S.A. vs. Carlos Ayala Marrero**                    **Docket No. 04-00032-003 Erie**

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CARLOS AYALA MARRERO, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 8th day of June 2005, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter
- The defendant shall refrain from use, possession, and purchase of alcohol.
- The defendant shall make restitution in the amount of $3,868.34 to the following: Allstate Insurance Company, Claim No. 5132653963KLN, 1721 Cochran Road, Pittsburgh, Pennsylvania 15220, in the amount of $427.34; and Kathleen Sivik, 9931 Williamson Road, Meadville, Pennsylvania 16335, in the amount of $3,441. Restitution shall be paid jointly and severally with Hiram Edgardo Garcia and Pedro Cubero.
- The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.
- The defendant shall pay any remaining restitution through monthly installments of not less than 10 percent of his gross monthly income.
- The defendant shall provide the probation officer with access to any requested financial information.
- The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
- The defendant shall pay to the United States a special assessment of $100.

06-08-05:    Stealing Firearms From a Licensed Firearms Dealer; 18 months' custody of the Bureau of Prisons, to be followed by 3 years' supervised release.

09-21-05:    Released to supervision; Currently supervised by U. S. Probation Officer David J. Conde.

03-28-06:    Judgment modified by Senior United States District Judge Maurice B. Cohill, Jr., to include participation in the Bureau of Prisons' Comprehensive Sanctions Center program for a period not to exceed 180 days.

U.S.A. vs. Carlos Ayala Marrero
Docket No. 04-00032-003 Erie
Page 2

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

Your Petitioner reports that the supervised releasee has violated the following conditions:

**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of the month.**

Mr. Marrero failed to report to the Probation Office for approximately three months. Mr. Marrero reported to the Probation Office on December 14, 2006, and then did not report again until March 27, 2007. On October 30, 2006, Mr. Marrero was advised that he was to report every Thursday morning. Mr. Marrero reported as required during the month of November 2006 and then failed to report on December 7, 2006. Mr. Marrero then reported on December 14, 2006. The Probation Office attempted to contact Mr. Marrero during February 2007 and March 2007 with no success. On February 2, 2007, an attempt to contact Mr. Marrero at his last known address was made, and no one was at the residence at the time. A note was left instructing Mr. Marrero to report to the Probation Office, but he failed to do so. In March 2007, the Probation Office contacted Mr. Marrero's girlfriend and requested that she have him report to the Probation Office. This request was made of her on March 15, 20, and 26, 2007. Mr. Marrero eventually reported to the Probation Office on March 27, 2007, at which time he acknowledged that he was suppose to be reporting every week and had failed to do so since December 2006. In addition to failing to report to the Probation Office, Mr. Marrero failed to submit a monthly written report since November 2006.

**The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.**

**The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

Mr. Marrero also reported on March 27, 2007, that he was not employed and had last worked in December 2006 through Infinity Resources, Incorporated. Since December 2006, Mr. Marrero stated that he worked for a little while for his father and was paid "under the table." Mr. Marrero never reported a change in his employment status to the Probation Office, and he was not gainfully employed at a lawful occupation for at least two or three months.

**The defendant shall refrain from use, possession, and purchase of alcohol.**

**The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

A urine specimen was obtained from Mr. Marrero on March 27, 2007, and at the time, Mr. Marrero indicated that he had been using marijuana, cocaine, and alcohol. The test was confirmed positive by Scientific Testing Laboratories, Incorporated, on March 31, 2007. With the exception of the time that Mr. Marrero was at Renewal, Incorporated, Mr. Marrero has tested positive for drugs a total of nine times.

U.S.A. vs. Carlos Ayala Marrero
Docket No. 04-00032-003 Erie
Page 3


PRAYING THAT THE COURT WILL ORDER that the supervised releasee appear in Federal Court, Courtroom B, U.S. Courthouse, Erie, Pennsylvania, with legal counsel on _____ at _____, to show cause why supervision should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

### ORDER OF COURT

Considered and ordered this _____ day of _____ , 20 _____ and ordered filed and made a part of the records in the above case.

_____
Senior U.S. District Judge

Executed on _____

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place:    Erie, PA _____