NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2599

———————

UNITED STATES OF AMERICA

v.

CARLOS AYALA MARRERO,

Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 04-00032-3)
Honorable Maurice B. Cohill, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
June 10, 2008

BEFORE:  AMBRO, CHAGARES, and GREENBERG, Circuit Judges

(Filed: June 20, 2008)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before the Court on Carlos Ayala Marrero's appeal from an

order entered in the District Court on May 18, 2007, revoking a term of supervised release

imposed on him and sentencing him to an 11-month term of imprisonment to be followed

by a 24-month term of supervised release.  The District Court imposed the original term

of supervised release to follow the service of a custodial term when Marrero pleaded

guilty to stealing firearms from a federally licensed firearms dealer in violation of 18

U.S.C. §§ 922(u) and 924(h)(1).  While Marrero was on supervised release following the

completion of his custodial term he was using illegal drugs.  As a result his probation

officer on April 5, 2007, filed a Petition on Supervised Release setting forth Marrero's

violations of the conditions of supervised release and requesting that the court order him

to show cause why his term should not be revoked.  On April 9, 2007, the District Court

issued the requested order to show cause.

At the hearing on the return date of the order to show cause on May 16, 2007,

Marrero admitted to using controlled substances and to other violations of the conditions

of supervision.  Consequently, the court revoked his term of supervised release and

imposed the new custodial term to be followed by the period of supervised release that we

set forth above.  Marrero's sole contention on this appeal is that the custodial 11-month

term was unreasonable.  He does not contend that he did not violate the terms of his

supervised release and he does not challenge the imposition of the new term of supervised

release.  The District Court had jurisdiction under 18 U.S.C. § 3231 and we have

jurisdiction under 28 U.S.C. § 1291.  We review the District Court's sentence for

reasonableness.  See United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007).

We see nothing unreasonable in the sentence.  The guidelines range was five to 11

2

months.  Thus, the sentence was within the guidelines range and, as we indicated in

United States v. Cooper, 437 F.3d 324, 331 (3d Cir. 2006), was "more likely to be

reasonable than one that lies outside" the range.  In this case Marrero repeatedly violated

the terms of his supervised release and thus the court was justified in imposing the

sentence.

      The order of May 18, 2007, will be affirmed.